# EXHIBIT A

**Local Rule CV-81(c) The removing party or parties shall furnish to the clerk the following information at the time of removal:**

**(1) a list of all parties in the case, their party type (e.g., plaintiff, defendant, intervenor, receiver, etc.) and current status of the removed case (e.g., pending, dismissed);**

     Plaintiffs:  Patricia Shoults and Cary Shoults (collectively, "Plaintiffs")

     Defendants:  Arch Insurance Company ("Arch")
     Allstate Fire and Casualty Insurance Company ("Allstate")

     Current status: pending

**(2) a civil cover sheet and certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action (e.g., complaints, amended complaints, supplemental complaints, petitions, counter-claims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court as required by 28 U.S.C. § 1446(a);**

     See attached Civil Cover Sheet, Docket Sheet, and a copy of file in the State Court Action.

**(3) a complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number, and party or parties represented by that attorney;**

- **Plaintiffs' attorneys:**

        Joe M. Worthington
        joe@negemlaw.com
        Texas State Bar No. 22009950
        Jimmy M. Negem
        Texas State Bar No. 14865500
        **NEGEM & WORTHINGTON**
        1828 ESE Loop 323
        Suite R – 1A
        Tyler, Texas 75701

- **Arch's attorneys:**

Brandon Renken
brenken@lockelord.com
Federal I.D. 713645
Texas State Bar No. 24056197
Jill A. Schaar
Texas State Bar No. 17719870
jschaar@lockelord.com
Sagar U. Patel
Texas State Bar No. 24088195
sagar.patel@lockelord.com
**LOCKE LORD LLP**
600 Travis Street, Suite 2800
Houston, Texas 77002
Phone: (713) 226-1200
Fax: (713) 223-3717

- **Allstate's attorney:**

  David G. Allen
  allen@stacyconder.com
  Texas State Bar No. 00786972
  STACY | CONDER | ALLEN LLP
  901 Main Street
  Dallas, Texas  75202-3757
  Phone: 214-748-5000
  Fax: 214-748-1421

**(4) a record of which parties have requested jury trial (this information is in addition to filing a separate jury demand pursuant to Local Rule CV-38(a));**

No parties have requested a jury trial.

**(5) the name and address of the court from which the case was removed.**

62nd Judicial District Court of Hopkins County, Texas
Judge Will Biard
Hopkins County Courthouse
118 Church St.
Sulphur Springs, TX 75482

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Patricia Shoults and Cary Shoults | - Arch Insurance Company<br>- Allstate Fire and Casualty Insurance Company |

| (b) County of Residence of First Listed Plaintiff    Hopkins County, Texas | County of Residence of First Listed Defendant    Hudson County, New Jersey |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Negem & Worthington, Joe M. Worthington and Jimmy M. Negem, 1828 ESE Loop 323, Suite R-1A, Tyler, Texas 75701 | Arch: Locke Lord LLP (Brandon Renken) - (see attachment)<br>Allstate: Stacy Conder Allen LLP (David G. Allen) - (see attachment) |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question *(U.S. Government Not a Party)*

☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sections 1332, 1441, 1446 (diversity)

Brief description of cause:
Declaratory relief for uninsured motorist insurance benefits

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 200,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE (62nd Hopkins County) Judge Will Biard

DOCKET NUMBER CV44102

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 08/21/2019 | /s/ Brandon Renken |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

# EXHIBIT A

**Local Rule CV-81(c) The removing party or parties shall furnish to the clerk the following information at the time of removal:**

**(1) a list of all parties in the case, their party type (e.g., plaintiff, defendant, intervenor, receiver, etc.) and current status of the removed case (e.g., pending, dismissed);**

      Plaintiffs:  Patricia Shoults and Cary Shoults (collectively, "Plaintiffs")

      Defendants:  Arch Insurance Company ("Arch")
      Allstate Fire and Casualty Insurance Company ("Allstate")

      Current status: pending

**(2) a civil cover sheet and certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action (e.g., complaints, amended complaints, supplemental complaints, petitions, counter-claims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court as required by 28 U.S.C. § 1446(a);**

      See attached Civil Cover Sheet, Docket Sheet, and a copy of file in the State Court Action.

**(3) a complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number, and party or parties represented by that attorney;**

- **Plaintiffs' attorneys:**

          Joe M. Worthington
          joe@negemlaw.com
          Texas State Bar No. 22009950
          Jimmy M. Negem
          Texas State Bar No. 14865500
          **NEGEM & WORTHINGTON**
          1828 ESE Loop 323
          Suite R – 1A
          Tyler, Texas 75701

- **Arch's attorneys:**

1

Brandon Renken
brenken@lockelord.com
Federal I.D. 713645
Texas State Bar No. 24056197
Jill A. Schaar
Texas State Bar No. 17719870
jschaar@lockelord.com
Sagar U. Patel
Texas State Bar No. 24088195
sagar.patel@lockelord.com
**LOCKE LORD LLP**
600 Travis Street, Suite 2800
Houston, Texas 77002
Phone: (713) 226-1200
Fax: (713) 223-3717

- **Allstate's attorney:**

David G. Allen
allen@stacyconder.com
Texas State Bar No. 00786972
STACY | CONDER | ALLEN LLP
901 Main Street
Dallas, Texas  75202-3757
Phone: 214-748-5000
Fax: 214-748-1421

**(4) a record of which parties have requested jury trial (this information is in addition to filing a separate jury demand pursuant to Local Rule CV-38(a));**

No parties have requested a jury trial.

**(5) the name and address of the court from which the case was removed.**

62nd Judicial District Court of Hopkins County, Texas
Judge Will Biard
Hopkins County Courthouse
118 Church St.
Sulphur Springs, TX 75482

CASE # CV44102
CAUSE: INJ/DAM-OTHER INJ/DAM
STYLE: PATRICIA SHOULTS AND
      CARY SHOULTS

COURT: 62ND JUDICIAL DISTRICT       08/21/2019

VS ARCH INSURANCE COMPANY AND
   ALLSTATE FIRE AND CASUALTY
   INSURANCE COMPANY

PLAINTIFF

| NAME | | ATTORNEY |
|---|---|---|
| SHOULTS,CARY | P | WORTHINGTON,JOE M |
| C/O NEGEM AND WORTHINGTON | | 1828 ESE LOOP 323 |
| 1828 E SE LOOP 323 SUITE R - 1 | | SUITE R-1A |
| TYLER, TX 75701 | | TYLER, TX 75701 |
| - - | | 903-595-4466 |
| | | |
| SHOULTS,PATRICIA | P | WORTHINGTON,JOE M |
| C/O NEGEM AND WORTHINGTON | | 1828 ESE LOOP 323 |
| 1828 | | SUITE R-1A |
| TYLER, TX 75701 | | TYLER, TX 75701 |
| - - | | 903-595-4466 |

DEFENDANT

| NAME | | ATTORNEY |
|---|---|---|
| ALLSTATE FIRE AND CASUALTY INS | D | ALLEN,DAVID G. |
| C/O CT CORPORATION SYSTEM | | 901 MAIN STREET, STE 6200 |
| 1999 BRYAN STREET SUITE 900 | | |
| DALLAS, TX 75201 | | DALLAS, TX 75202 |
| - - | | 214-748-5000 |
| | | |
| ARCH INSURANCE COMPANY | D | SCHAAR,JILL |
| C/O CORPORATION SERVICE COMPAN | | 600 TRAVIS ST STE 2800 |
| 211 E. 7TH STREET SUITE 620 | | |
| AUSTIN, TX 78701 | | HOUSTON TX 77002 |
| - - | | 713-226-1200 |

TRANSACTIONS FOR ALL PARTIES          / /     THRU   / /

| | | | | |
|---|---|---|---|---|
| 07/18/2019 | PLAINTIFF'S ORIGINAL PETITION/HH | | I | 8 |
| SHOULTS,PATRICIA | | | | |
| 07/18/2019 | CHARGES ASSESSED BY EFILE | 349.00- | | |
| SHOULTS,PATRICIA | EFILE ENVELOPE ID:35222277 | | | |
| 07/18/2019 | PAYMENT RECEIVED THRU EFILE | 349.00 | | |
| SHOULTS,PATRICIA | EFILE SUBMITTER ID: FERGUSON,RACHEL COURT ID: HOPK | | | |
| 07/18/2019 | COPY OF CITATION BY CERTIFIED MAIL/ALLSTATE FIRE & | | I | 1 |
| SHOULTS,PATRICIA | CASUALTY INSURANCE COMPANY REGISTERED AGENT/HH | | | |
| 07/18/2019 | COPY OF CITATION BY CERTIFIED MAIL/ARCH | | I | 1 |
| SHOULTS,PATRICIA | INSURANCE COMPANY REGISTERED AGENT/HH | | | |
| 07/18/2019 | CERTIFIED MAIL RECEIPT/ALLSTATE/HH | | I | 1 |
| SHOULTS,PATRICIA | | | | |
| 07/18/2019 | CERTIFIED MAIL RECEIPT/ARCH INSURANCE/HH | | I | 1 |
| SHOULTS,PATRICIA | | | | |
| 07/24/2019 | GREEN CARD RETURNED/ALLSTATE FIRE & CASUALTY | | I | 1 |
| SHOULTS,PATRICIA | (07/19/2019)/HH | | | |
| 07/25/2019 | GREEN CARD RETURNED/ARCH INSURANCE COMPANY | | I | 1 |
| SHOULTS,PATRICIA | (07/22/2019)/HH | | | |

DOCKET BOOK REPORT

CASE # CV44102　　　　　　　　　　　COURT: 62ND JUDICIAL DISTRICT　　　　　　　　08/21/2019
CAUSE: INJ/DAM-OTHER INJ/DAM

| Date | Description | | |
|---|---|---|---|
| 08/09/2019 | DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE | I | 5 |
| ALLSTATE FIRE AND | COMPANY'S ORIGINAL ANSWER/HH | | |
| 08/12/2019 | ARCH INSURANCE COMPANY'S ORIGINAL ANSWER/CC | I | 3 |
| ARCH INSURANCE COM | | | |
| 08/21/2019 | ARCH'S REQUEST FOR CERTIFIED COPY OF DOCKET SHEET/ | I | 1 |
| ARCH INSURANCE COM | | | |
| 08/21/2019 | CHARGES ASSESSED BY EFILE | 3.00- | |
| ARCH INSURANCE COM | EFILE ENVELOPE ID:36148349 | | |
| 08/21/2019 | PAYMENT RECEIVED THRU EFILE | 3.00 | |
| ARCH INSURANCE COM | EFILE SUBMITTER ID: PATEL,SAGAR COURT ID: HOPKINS: | | |

A CERTIFIED COPY
ATTEST:
CHERYL FULCHER, DISTRICT CLERK
HOPKINS COUNTY, TEXAS
BY: _____ DEPUTY
DATE: 8.21 2019

Filed 7/18/2019 8:00 AM
Cheryl Fulcher
District Clerk
Hopkins County, Texas
Heather Harrison

CAUSE NO. CV44102

| | | |
|---|---|---|
| **PATRICIA SHOULTS AND** | § | **IN THE JUDICIAL COURT** |
| **CARY SHOULTS** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **V.** | § | 62nd___ **JUDICIAL DISTRICT** |
| | § | |
| **ARCH INSURANCE COMPANY and** | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY** | § | |
| **Defendants.** | § | **HOPKINS COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PATRICIA SHOULTS AND CARY SHOULTS, Plaintiffs, complaining of ARCH INSURANCE COMPANY (hereinafter "Arch"), Defendant, and ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY (hereinafter "Allstate"), Defendant, and for cause of action would respectfully show unto the court the following:

## I.
## PARTIES

1.     Plaintiff, PATRICIA SHOULTS, is an individual whose address is 3599 CR 1174, SULPHUR SPRINGS, TEXAS 75482

2.     In accordance with CPRC 30.014, PATRICIA SHOULTS has been issued a driver's license. Without regard to when said license was issued, whether it is still in effect, or where it was issued (none of which are required by CPRC 30.014), the last three (3) numbers (although without regard to the sequence as they appear on the license, which is likewise not required by CPRC 30.014) are 418.

Copy from re:SearchTX

3.      Further, PATRICIA SHOULTS has been issued a social security number. Without regard to when said social security number was issued, whether it is still in effect, or where it was issued (none of which are required by CPRC  30.014) the last three (3) numbers (although without regard to the sequence as they appear, which is likewise not required by CPRC  30.014) are 827.

4.      Plaintiff, CARY SHOULTS, is an individual whose address is 3599 CR 1174, SULPHUR SPRINGS, TEXAS 75482

5.      In accordance with CPRC 30.014, CARY SHOULTS has been issued a driver's license. Without regard to when said license was issued, whether it is still in effect, or where it was issued (none of which are required by CPRC 30.014), the last three (3) numbers (although without regard to the sequence as they appear on the license, which is likewise not required by CPRC  30.014) are 336.

6.      Further, CARY SHOULTS has been issued a social security number. Without regard to when said social security number was issued, whether it is still in effect, or where it was issued (none of which are required by CPRC  30.014) the last three (3) numbers (although without regard to the sequence as they appear, which is likewise not required by  CPRC 30.014) are 947.

7.      Defendant, ARCH INSURANCE COMPANY, is a foreign authorized insurance company, licensed and authorized to do business in the State of Texas, and may be served with process by certified mail, return receipt requested, by serving their registered agent for service, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

Copy from re:SearchTX

8.      Defendant, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, is a foreign authorized insurance company, licensed and authorized to do business in the State of Texas, and may be served with process by certified mail, return receipt requested, by serving their registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## CASE LEVEL ASSIGNMENT

9.      Plaintiffs would show discovery in this cause should be conducted pursuant to Level 3 of the Discovery Control Plan, as set forth in Rule 190 of the Texas Rules of Civil Procedure, in that Plaintiffs affirmatively pleads that they seek monetary relief aggregating $50,000.00 or more, excluding costs, pre-judgment interest and attorneys' fees.

## VENUE

10.      Plaintiffs PATRICIA SHOULTS and CARY SHOULTS were residents of Sulphur Springs, Hopkins County, Texas at the time of the accident made the basis of this suit. Venue is proper in Hopkins County, Texas pursuant to § 1952.110 of the Texas Insurance Code which provides an uninsured/underinsured motorist case may be brought in the county where the policy holder resided at the time of the accident involving the uninsured/underinsured motor vehicle.

## STATUTE OF LIMITATIONS

11.      Plaintiffs allege this lawsuit has been filed within the time period of the appropriate statute of limitations from the date of occurrence. In the alternative, Plaintiffs allege the statute of limitations is tolled because this lawsuit has been filed within four (4) years of the date Plaintiffs knew or should have known of the existence of a cause of action, or any delay is the result of direct threats or fraud on the part of the Defendant.

Copy from re:SearchTX

## FACTS OF CASE

12.    It has become necessary to bring this action because of injuries and damages sustained by Plaintiffs as the result of a vehicular collision that occurred on or about February 8, 2019, in Deaf Smith County, Texas. The evidence will show that the collision between the vehicle which Plaintiff, CARY SHOULTS, was driving and the vehicle operated by LAURA ALICIA HERNANDEZ CERVANTES, an un-insured motorist, and Plaintiff's resulting injuries and damages were proximately caused by the negligence of LAURA ALICIA HERNANDEZ CERVANTES.

13.    At such time, Plaintiffs were protected against loss caused by bodily injuries and resulting from the ownership, maintenance or use of an uninsured motor vehicle by a policy of insurance issued by Defendant, ARCH INSURANCE COMPANY being policy number FBCAT0438100 issued to RED STAG, LLC and a policy of insurance issued by ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY being policy number 844431589 issued to Patricia and Cary Shoults .

## NEGLIGENCE OF LAURA ALICIA HERNANDEZ CERVANTES

14.    Plaintiffs allege that LAURA ALICIA HERNANDEZ CERVANTES, an uninsured motorist, through her acts and omissions, was negligent, and such negligence was a proximate cause of the occurrence and injuries in question. Plaintiffs' resulting injuries and damages were proximately caused by one or more of the following acts of negligence on the part of LAURA ALICIA HERNANDEZ CERVANTES, an un- insured motorist:

    a.    In failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances.

Copy from re:SearchTX

b.    In failing to make such turning movements of the vehicle in question as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances.

c.    In failing to maintain an assured clear distance between Defendant's vehicle and other vehicles as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances.

d.    In making an unsafe lane change.

e.    In failing to yield the right of way to Plaintiff.

f.    In violating Texas Transportation Code §545.060(a), which provides, "an operator on a roadway divided into two or more clearly marked lanes for traffic:  1.  Shall drive as nearly as practical entirely within a single lane; and 2.  May not move from the lane unless that movement can be made safely," which constituted negligence per se.

g.    In violating Texas Transportation Code §545.104(b), which provides, "an operator intending to turn a vehicle right or left shall signal continuously for not less than the last 100 feet of movement of the vehicle before the turn,"  which constituted negligence per se.

h.    In violating Texas Transportation Code §545.103, which provides, "an operator may not turn the vehicle to enter a private road or driveway, otherwise turn the vehicle from a direct course, or move right or left on a roadway unless movement can be made safely," which constituted negligence per se.

i.    In violating Texas Transportation Code §454.101(b)(1), which provides, "to make a left turn at an intersection, an operator shall: (1) approach the intersection in the extreme left-hand lane lawfully available to a vehicle moving in the direction of a vehicle," which constituted negligence per se.

j.    Defendants were negligent in other respects.

## CAUSE OF ACTION DEFENDANT, ARCH INSURANCE COMPANY

15.    Plaintiffs allege the motor vehicle causing his damages as described herein was at all times material to this action an "uninsured motor vehicle" as defined in the policy of insurance issued by Defendants, ARCH INSURANCE COMPANY and ALLSTATE FIRE AND

Copy from re:SearchTX

CASUALTY INSURANCE COMPANY, Plaintiffs have fully complied with all the terms of the insurance policy issued by Defendants, ARCH INSURANCE COMPANY and ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, as a condition precedent to bringing this suit.

## DECLARATORY RELIEF

16.     Plaintiffs further assert, based on the foregoing facts, and pursuant to the policy of insurance in force and effect between Plaintiffs and Defendants, ARCH INSURANCE COMPANY and ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY at the time of the accident, Plaintiffs seek a declaratory judgment pursuant to Tex. Civ. Prac. & rem. Code Ch. 37 construing the contract of insurance and declaring Plaintiff's rights and obligations under the contract.  Specifically, Plaintiffs seek a finding that the driver the cause of the wreck was negligent, the amount of damages that Plaintiffs suffered in the wreck, the amount that Plaintiffs are legally entitled to recover from the driver the cause of the wreck, that the driver the cause of the wreck was an uninsured motorist, that Plaintiffs are entitled to recover from Defendants, ARCH INSURANCE COMPANY and ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY Plaintiffs' damages resulting from the motor vehicle collision the subject of this suit, that Plaintiffs' damages fall within the coverage afforded Plaintiffs under the policy with Defendants, ARCH INSURANCE COMPANY and ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, and specifying the amount of damages, attorneys' fees, interest, and court costs that Defendants are obligated to pay.

Copy from re:SearchTX

## DAMAGES

17.     Plaintiff's, PATRICIA SHOULTS, damages include past, and probable future loss, which includes:

   (a)     pain and mental anguish;

   (b)     physical impairment;

   (d)     disfigurement; and

   (e)     necessary medical, psychological, psychiatric, therapeutic, pharmaceutical and hospital care, including rehabilitative services and devices.

   (f)     loss of wages and wage earning capacity;

   (g)     prejudgment interest at the maximum legal rate.

18.     Plaintiff's, CARY SHOULTS, damages include past, and probable future loss, which includes:

   (a)     pain and mental anguish;

   (b)     physical impairment;

   (d)     disfigurement; and

   (e)     necessary medical, psychological, psychiatric, therapeutic, pharmaceutical and hospital care, including rehabilitative services and devices.

   (f)     loss of wages and wage earning capacity;

   (g)     prejudgment interest at the maximum legal rate.

19.     Plaintiffs allege the damages exceed the minimum jurisdictional limits of this Court.

20.     Plaintiffs further contend pursuant to the applicable Texas Rules of Civil Procedure, Plaintiffs contends that Plaintiffs' damages are in excess of $200,000.00 but not more than $500,000.00.

Copy from re:SearchTX

**ATTORNEY'S FEES**

21.    WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that Defendant, ARCH INSURANCE COMPANY, be cited to appear and answer, and upon final hearing Plaintiffs have judgment for actual damages, costs of court, prejudgment and post judgment interest and such other and further relief, general and special, legal and equitable to which Plaintiffs may be justly entitled.

Respectfully submitted,

NEGEM & WORTHINGTON
1828 ESE Loop 323
Suite R – 1A
Tyler, Texas 75701
Telephone:  (903) 595-4466
Facsimile:  (903) 593-3266

By:  _s/ Joe M. Worthington_____
    JOE M. WORTHINGTON
    State Bar No. 22009950
    JIMMY M. NEGEM
    State Bar No. 14865500
    JOE@NEGEMLAW.COM

    ATTORNEYS FOR PLAINTIFFS,
    PATRICIA SHOULTS AND
    CARY SHOULTS

Copy from re:SearchTX

THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you"

CITATION BY CERTIFIED MAIL

TO:    ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY
       REGISTERED AGENT: CT CORPORATION SYSTEM
       1999 BRYAN STREET SUITE 900
       DALLAS, TX 75201

Greetings Defendant: You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition on or before ten o'clock a.m. (10:00 a.m.) of the Monday next after the expiration of twenty (20) days after the date of service of this citation before the Honorable District Court. 62ND JUDICIAL DISTRICT Hopkins County, Texas at the Courthouse of said County in Sulphur Springs, Texas.

Said Plaintiff's Petition was filed in said court by whose address is:

JOE M WORTHINGTON
1828 ESE LOOP 323
SUITE R-1A
TYLER, TX 75701

On the 18th day of July A.D. 2019 in this case, numbered CV44102 on the docket of said court and styled.

PATRICIA SHOULTS AND              ARCH INSURANCE COMPANY AND
CARY SHOULTS          vs.         ALLSTATE FIRE AND CASUALTY INSURANCE
                                  COMPANY

The nature of plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.
The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as law directs.

Issued and given under my hand and seal of said Court at Sulphur Springs, Texas this the 18th day of July A.D. 2019.

CHERYL FULCHER, CLERK             ATTEST: Cheryl Fulcher, District Clerk
Hopkins County Courthouse                 282 Rosemont Street, Suite 2
282 Rosemont Street, Suite 2              Sulphur Springs, Texas 75482
Sulphur Springs, Texas 75482
                                  By Heather Clawson , Deputy
                                  I hereby certify that on the 18th day
CERTIFIED MAIL #                  of July, 2019 at 4:00o'clock P.M., I mailed to
                                  ALLSTATE FIRE AND CASUALTY INSURANCE
                                  COMPANY
7015 1730 0001 5154 8489          Defendant by registered mail or certified mail,
                                  with delivery restricted to addressee only,
                                  return receipt requested, a true copy of this
                                  citation with a copy of the petition attached thereto

s document was retrieved from the eDOCKET.COM web si

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you"

CITATION BY CERTIFIED MAIL

TO:   ARCH INSURANCE COMPANY
      REGISTERED AGENT: CORPORATION SERVICE COMPANY
      211 E. 7TH STREET SUITE 620
      AUSTIN, TX 78701

Greetings Defendant: You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition on or before ten o'clock a.m. (10:00 a.m.) of the Monday next after the expiration of twenty (20) days after the date of service of this citation before the Honorable District Court. 62ND JUDICIAL DISTRICT Hopkins County, Texas at the Courthouse of said County in Sulphur Springs. Texas.

Said Plaintiff's Petition was filed in said court by whose address is:

JOE M WORTHINGTON
1828 ESE LOOP 323
SUITE R-1A
TYLER, TX 75701

On the 18th day of July A.D. 2019 in this case, numbered CV44102 on the docket of said court and styled,

PATRICIA SHOULTS AND          vs.          ARCH INSURANCE COMPANY AND
CARY SHOULTS                              ALLSTATE FIRE AND CASUALTY INSURANCE
                                          COMPANY

The nature of plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.
The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as law directs.

Issued and given under my hand and seal of said Court at Sulphur Springs, Texas this the 18th day of July A.D. 2019.

CHERYL FULCHER, CLERK                    ATTEST: Cheryl Fulcher, District Clerk
Hopkins County Courthouse                        282 Rosemont Street, Suite 2
282 Rosemont Street, Suite 2                     Sulphur Springs, Texas 75482
Sulphur Springs, Texas 75482

                                         By _____,Deputy
                                         I hereby certify that on the 18th day
CERTIFIED MAIL #                         of July 2019 at 4:00 o'clock P.M., I mailed to ARCH
                                         INSURANCE COMPANY
70151730000151548496                     Defendant by registered mail or certified mail,
                                         with delivery restricted to addressee only,
                                         return receipt requested, a true copy of this
                                         citation with a copy of the petition attached thereto

                                         By _____, Deputy

s document was retrieved from the IDOCKET.COM web si



U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

DALLAS TX 75201

| | |
|---|---|
| Certified Mail Fee | $3.50 |
| | $2.80 |
| Extra Services & Fees | |
| ☐ Return Receipt (hardcopy) | $0.00 |
| ☐ Return Receipt (electronic) | $0.00 |
| ☐ Certified Mail Restricted Delivery | $0.00 |
| ☐ Adult Signature Required | $0.00 |
| Postage | $1.30 |
| | 07/18/2019 |
| Total Postage and Fees | $7.60 |

Allstate Fire+Casualty Ins Co
C/O CT Corporation System

rettieved from the IDOCI

PS Form 3800, April 2015    See Reverse for Instructions



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

AUSTIN · TX 78701

| Certified Mail Fee | $3.50 | |
| Extra Services & Fees (check box, add fee as appropriate) | | $2.90 |
| ☐ Return Receipt (hardcopy) | $0.00 | |
| ☐ Return Receipt (electronic) | $0.00 | |
| ☐ Certified Mail Restricted Delivery | $0.00 | |
| ☐ Adult Signature Required | $0.00 | |
| ☐ Adult Signature Restricted Delivery | | |
| Postage | $1.30 | |
| Total Postage and Fees | $7.60 | 07/18/2019 |

Arch Insurance Company
Registered AG Corporation Service Company

**retrieved from the IDOCK**

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Allstate Fire + Casualty Ins. Co
Registered Agent
CT Corporation System
1999 Bryan St, Ste 900
Dallas, TX 75201

9590 9402 3652 7335 4001 81

2. Article Number (Transfer from service label)

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
☐ Agent
☐ Addressee

B. Received by (Printed Name)
C. Date of Delivery

FILED

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

AT ___ o'clock ___ M

JUL 24 2019

3. Service Type          DISTRICT CLERK
☐ Adult Signature        HOPKINS COUNTY, TEXAS
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



0144752

**SENDER: COMPLETE THIS SECTION**

Document 1-1    Filed 08/21/19    Pag

- Complete items 1, 2 and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Arch Insurance Company
Registered Agent
Corporation Service Company
211 E. 7th St. Ste 620
Austin TX 78701

9590 9402 1356 5285 3074 01

2. Article Number (Transfer from service label)

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X K.W. Kratzlaff    □ Agent
                     □ Addressee

B. Received by (Printed Name)    C. Date of Delivery
        JUL 2 2 2019

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:        □ No

**FILED**

AT [1:53] o'clock __

**JUL 25 2019**

3. Service Type                        □ Priority Mail Express®
□ Adult Signature                      □ Registered Mail™
□ Adult Signature Restricted Delivery  □ Registered Mail Restricted
□ Certified Mail®                          Delivery
□ Certified Mail Restricted Delivery   □ Return Receipt for
□ Collect on Delivery                     Merchandise
□ Collect on Delivery Restricted Delivery □ Signature Confirmation™
□ Insured Mail                         □ Signature Confirmation
                                          Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

it was retrieved from the IDOCKET CO

Filed 8/9/2019 4:02 PM
Cheryl Fulcher
District Clerk
Hopkins County, Texas
Heather Harrison

## CAUSE NO. CV44102

| | | |
|---|---|---|
| PATRICIA SHOULTS AND | § | IN THE DISTRICT COURT |
| CARY SHOULTS | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 62ND JUDICIAL DISTRICT |
| | § | |
| ARCH INSURANCE COMPANY AND | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY | § | |
| Defendants. | § | HOPKINS COUNTY, TEXAS |

## DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Allstate Fire and Casualty Insurance Company ("Defendant"), in the above-entitled and numbered cause, and files this Original Answer and in support thereof would respectfully show the Court the following:

### 1. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiff's Petition, and state that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

### 2. AFFIRMATIVE DEFENSES

A.    Pleading further, and in the alternative, Defendant asserts that the Plaintiff's medical damages, if any, should be subject to the provisions of §41.0105 et seq. of the Civil Practices and Remedies Code.

B.    Pleading further, and in the alternative, Defendant would show that there are contractual provisions with which the Plaintiff has failed to comply. Specifically, Plaintiff has

Copy from re:SearchTX

failed to establish there are damages to which he is legally entitled to recover from the owner or operator of an uninsured and/or underinsured motor vehicle.

      C.     Pleading further, the claims asserted against Defendant are not ripe as the Plaintiff has failed to establish liability and damages to which he is legally entitled to recover from the owner or operator of an uninsured and/or underinsured motor vehicle.

      D.     Pleading further, and in the alternative, Defendant is entitled to an offset and/or credit for the amount of any liability settlement, personal injury protection and medpay benefits available to or already received by Plaintiff.

      e.     To the extent Plaintiff seeks recovery of lost earnings or loss of earning capacity, Defendant asserts that the provisions of Texas Civil Practices and Remedies Code §18.091 and requires Plaintiff to prove the loss, if any, in the form of a net loss after reduction of income tax payments or unpaid tax liability pursuant to any Federal Income Tax law and that the Court instruct the jury as to whether the recover, if any, for compensatory damages sought by Plaintiff is subject to federal or state income taxes.

      F.     Pleading further, and in the alternative, Defendant contends that Plaintiff's injuries, in whole or in part, were the result of pre-existing conditions not proximately caused by the accident.

      G.     Pleading further, Plaintiff's damages, if any, are limited by the declaration of coverages in the policy.

      H.     Pleading further, Defendant would show that attorneys' fees are not recoverable under any theory of liability pled.

      I.     Pleading further, Defendant would show that its liability, if any, is pro-rata with that of co-defendant Arch.

Copy from re:SearchTX

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Fire and Casualty Insurance Company prays that the Plaintiff take nothing by this cause, that Defendant recover all costs incurred herein, and for such other and further relief, both general and special, legal and equitable, to which Defendant may be justly entitled to receive.

Respectfully submitted,

STACY | CONDER | ALLEN LLP

By: _____

David G. Allen
State Bar No. 00786972
allen@stacyconder.com

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000 (Telephone)
(214) 748-1421 (FAX)

**ATTORNEYS FOR DEFENDANT**

Copy from re:SearchTX

## CERTIFICATE OF SERVICE

I certify that a copy of this document was served this 9th day of August, 2019 upon all counsel of record pursuant to the Texas Rules of Civil Procedure.

David G. Allen

629724

**DEFENDANT'S ORIGINAL ANSWER**                                         Page 4 of 5

Copy from re:SearchTX

## **VERIFICATION**

STATE OF TEXAS         §
                       §
COUNTY OF DALLAS       §

BEFORE ME, the undersigned authority, on this day personally appeared David G. Allen, who by me first duly sworn, did on his oath depose and say that he is an attorney for Allstate Fire and Casualty Insurance Company, who is duly authorized to verify the statements contained in Sections 2 B on behalf of Allstate Fire and Casualty Insurance Company and that the statements contained within are, based upon information and belief, true and correct.

_____
David G. Allen

SWORN TO AND SUBSCRIBED BEFORE ME ON THE 12TH day of July, 2019.

CATHY J. WHITE
My Notary ID # 2543894
Expires October 14, 2021

_____
Notary Public, State of Texas

**DEFENDANT'S ORIGINAL ANSWER**                                    Page 5 of 5

Copy from re:SearchTX

Filed 8/12/2019 9:49 AM
Cheryl Fulcher
District Clerk
Hopkins County, Texas

Cindy Caviness

## CAUSE NO. CV44102

| | | |
|---|---|---|
| **PATRICIA SHOULTS AND** | § | **IN THE JUDICIAL COURT** |
| **CARY SHOULTS** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **62nd JUDICIAL DISTRICT** |
| | § | |
| **ARCH INSURANCE COMPANY and** | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY** | § | |
| *Defendants*. | § | **HOPKINS COUNTY, TEXAS** |

### ARCH INSURANCE COMPANY'S ORIGINAL ANSWER

Defendant Arch Insurance Company ("Arch") files this Original Answer to Plaintiffs' Original Petition (the "Petition") filed by Plaintiffs Patricia Shoults and Cary Shoults (collectively, "Plaintiffs"), and respectfully shows the Court as follows:

## I.   GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Arch generally denies each and every allegation set forth in the Petition and demands strict proof thereof.

## II.   AFFIRMATIVE AND OTHER DEFENSES

In addition to its general denial above, and without assuming the burden of proof thereon, Arch asserts the following defenses:

1.    Plaintiffs' claims are barred, in whole or in part, because they fail to state a claim for which relief may be granted.

2.    Plaintiffs have not complied with all conditions precedent to Plaintiffs' requested recovery against Arch, including Plaintiffs' adjudication of liability and damages with respect to the underlying accident referenced in the Petition.

3.    Arch further pleads that Plaintiffs' claims against Arch have not accrued to the extent Plaintiffs have not exhausted all available insurance for the underlying accident.  Plaintiffs'

1

Copy from re:SearchTX

adjudication of liability and damages against the alleged at-fault driver in the underlying accident, and Plaintiffs' exhaustion of available insurance for the underlying accident, are prerequisites or preconditions to Plaintiffs' entitlement, if any, to uninsured motorist benefits from Arch.

4.      Plaintiffs are not entitled to recover their attorney's fees because their attorney's fees are not recoverable, reasonable, or necessary.

5.      Arch further pleads the defense of offset.

## III.   <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Defendant Arch Insurance Company respectfully prays that upon final hearing hereof, judgment be rendered that Plaintiffs take nothing by their suit and Arch be granted all relief, general and special, to which it may be justly entitled.

Respectfully submitted,

LOCKE LORD LLP

By:      _/s/ Jill A. Schaar_____
         Jill A. Schaar
         State Bar No. 17719870
         jschaar@lockelord.com
         Sagar Patel
         State Bar No. 24088195
         sagar.patel@lockelord.com
         LOCKE LORD LLP
         600 Travis Street, Suite 2800
         Houston, Texas 77002
         Phone: (713) 226-1200
         Fax: (713) 223-3717

         **ATTORNEYS FOR DEFENDANT
         ARCH INSURANCE COMPANY**

Copy from re:SearchTX

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that on August 12, 2019, a copy of the foregoing instrument was served on all counsel of record in accordance with Rule 21a of the TEXAS RULES OF CIVIL PROCEDURE:

Joe M. Worthington
joe@negemlaw.com
Jimmy M. Negem
NEGEM & WORTHINGTON
1828 ESE Loop 323
Suite R – 1A
Tyler, Texas 75701

*Attorneys for Plaintiffs,*
*Patricia Shoults and Cary Shoults*

 */s/ Jill A. Schaar*
Jill A. Schaar

3

Copy from re:SearchTX

CV44102

Filed 8/21/2019 11:26 AM
Cheryl Fulcher
District Clerk
Hopkins County, Texas

Heather Harrison

**CAUSE NO. CV44102**

| | | |
|---|---|---|
| **PATRICIA SHOULTS AND** | § | **IN THE JUDICIAL COURT** |
| **CARY SHOULTS** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **62nd JUDICIAL DISTRICT** |
| | § | |
| **ARCH INSURANCE COMPANY and** | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY** | § | |
| | § | |
| *Defendants*. | § | **HOPKINS COUNTY, TEXAS** |

**ARCH'S REQUEST FOR CERTIFIED COPY OF DOCKET SHEET**

To the Honorable Judge and the Hopkins County District Clerk's Office:

On behalf of Defendant Arch Insurance Company ("Arch"), undersigned counsel for Arch requests a certified copy of the Docket Sheet for this Cause No. CV44102.   Arch is contemporaneously submitting payment of the requisite fee for this certified copy request.  The Court or Hopkins County District Clerk's Office may email the certified copy of the Docket Sheet to undersigned counsel at Sagar.Patel@lockelord.com.

Respectfully submitted,

By:      */s/ Sagar Patel*

Jill A. Schaar
State Bar No. 17719870
jschaar@lockelord.com
Sagar Patel
State Bar No. 24088195
sagar.patel@lockelord.com
**LOCKE LORD LLP**
600 Travis Street, Suite 2800
Houston, Texas 77002
Phone: (713) 226-1200
Fax: (713) 223-3717
*Attorneys for Arch*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 21, 2019, a copy of the foregoing instrument was served on all counsel of record in accordance with TRCP Rule 21a:

 */s/ Sagar U. Patel*

Sagar U. Patel